

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/09/2017

| | | |
|---|---|---|
| In re   Assist-Med, Inc. | § | Case No. 16-331624-H5-11 |
| | § | |
| Debtor | § | Chapter 11 |

# ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

Came on for consideration the Debtor's Plan of Reorganization (the Plan) pursuant to 11 U.S.C. § 1129(a). After hearing evidence, the Court finds as follows:

1. The Disclosure Statement, the Plan, and a ballot for accepting or rejecting the Plan, have been transmitted to all creditors and parties in interest.

2. Notice of the hearing on confirmation of the Plan has been given in accordance with Title 11, United States Code, the Order of the Court and the Federal and Local Rules of Bankruptcy Procedure.

3. The Disclosure Statement and the Plan comply with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation. It is therefore

ORDERED and ADJUDGED that:

1. The Disclosure Statement is APPROVED.

2. The Plan, which is set out as Exhibit "A" hereto is hereby CONFIRMED under 11 U.S.C. § 1129(a) with the following modification:

**Internal Revenue Service** – This creditor is owed $520,710.38 and will be paid in full pursuant to the requirements of the United States Bankruptcy Code, including 3% interest, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. The monthly payment in the approximate amount of $11,526.00 will be due and payable on the first day of the first month following 60 days after the effective date of the plan.

**General Unsecured Claims** – General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. The allowed unsecured claims will be paid 100% of their claims in 60 monthly payments. Their payments will be due and payable beginning on the 15th day of the first month following 60 days after the effective date of the plan. The amount to be paid pro-rata monthly is $7,070.00. <u>Medicare will receive $2,886.80.</u>

**Assumed Executory Contracts and Unexpired Leases** - The Debtor assumes the following executory contracts and/or unexpired leases effective upon the "effective date of this Plan:" Leasehold space at 2000 S. Dairy Ashford, Suite 450, from DAP Plaza, a California Limited Partnership registered in Texas as DAP Plaza, Ltd, 123 25th St, Suite 4005; Leasehold space from Shearn Moody Plaza, Inc., 1915 N. Frazier, Suite 103, Galveston, Texas; and Leasehold space from Owen Properties, 990 IH-10 N. Suite 230, Conroe, Texas from Theodore L. Hanchev. <u>The Debtor assumes all Medicare Provider Numbers/Agreements.</u> The Debtor also assumes the contract with TMHP (Formerly DADS) Texas Health & Human Services Commission, P.O. Box 13247, Austin, Texas 78711-3247; UNITED HEALTH CARE (UHC), 1250 S. Capital of Texas Hwy, Building 1, Ste. 360, Austin, Texas 78746; MOLINA HEALTHCARE OF TEXAS, 5605 MacArthur Blvd., Ste. 400, Irving, Texas 75038; AMERIGROUP, 823 Congress Ave., Ste. 400, Austin, Texas 78701; MEDICARE (THE CENTER FOR MEDICARE AND MEDICAID SERVICES – CMS), 7500 Security Blvd, Baltimore, Maryland 21244; TEXAS CHILDREN'S HEALTH PLAN. 2450 Holcombe Blvd, # 34 L, Houston, Texas; and AETNA BETTER HEALTH OF TEXAS, INC., 4500 Cotton Center Blvd, Phoenix, Arizona 85040.

The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of the order confirming this Plan, upon the "effective date of this Plan." A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

3.  In accordance with Section 1142 of the United States Bankruptcy Code, the Debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

4.  Reorganized Debtor shall timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting the case to a case under Chapter 7 or dismissing this case. After confirmation, Reorganized Debtor shall file with the Bankruptcy

Court and shall serve on the United States Trustee a financial report for each quarter, or portion thereof, that this Chapter 11 case remains open in a format prescribed by the United States Trustee.

SIGNED the 9th day of January, 2017.

KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ASSIST-MED, INC. | § | BANKRUPTCY 16-31624-H5-11 |
| | § | Chapter 11 |
| Debtor. | § | |

## DEBTOR'S CORRECTED PLAN OF REORGANIZATION

### ARTICLE I

### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of ASSIST-MED, INC. (the "Debtor") from cash flow from operations and future income. This Plan provides for a class of secured creditors, a class of unsecured priority claims; a class of general unsecured claims; and a class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims. All creditors and equity security holders should refer to the provisions of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

### ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

1.  *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

**Margaret M. McClure** – Ms. McClure holds a retainer in the amount of $30,000.00 and estimates fees in the amount of $45,000.00.

**U.S. Trustee** – fees are current and will stay current until this case is closed.

2.  *Priority Unsecured Tax Claims*

None

3.  *Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set-off) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim the deficiency will be classified as a general unsecured claim. The following chart lists all classes containing Debtor's secured pre-petition claims and their proposed treatment under the Plan:

(3)(a) – Loans

**Everest Business Funding/EBF Funding, LLC** – This creditor is owed $222,439.75 as a secured creditor. It will be paid in full at 5% interest over 60 months. The Debtor will pay this creditor $4,158.98 in 60 equal monthly payments with the first payment being due and payable on the first day of the first month following the 60th day after the effective date of the plan.

**Accord Bus. Funding/Cresthill Capital** – This creditor is owed $30,736.36 as a secured creditor. It will be paid in full at 5% interest over 60 months. The Debtor will pay this creditor $580.00 in 60 equal monthly payments with the first payment being due and payable on the first day of the first month following the 60th day after the effective date of the plan.

**These claims are impaired**

(3)(b) – Taxing Authorities – Convenience Class

**Harris County, et al.** – This creditor is owed $33.72 and will be paid in full on the Effective Date of the Plan as a convenience. Harris County shall retain all liens it currently holds, whether for

pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to them under the provisions of this Plan, and their lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**Montgomery County** – This creditor is owed $58.60 and will be paid in full on the Effective Date of the Plan as a convenience. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to it under the provisions of this Plan, and their lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**These claims are not impaired**

3(c) – Taxing Authorities – Plan Payments

**Galveston County** - Paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The monthly payment in the approximate amount of $103.00 will be due and payable on the first day of the first month following 60 days after the effective date of the plan. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to it under the provisions of this Plan, and their lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**These claims are impaired**

4. *Priority Unsecured Claims*

Priority Unsecured Claims are not secured by property of the estate but are entitled to priority under § 507(a) of the Code. The following chart identifies the Plan's proposed treatment of Class 4, which contains priority unsecured claims against the Debtor:

**Internal Revenue Service** – This creditor is owed $725,710.36 and will be paid in full pursuant to the requirements of the United States Bankruptcy Code, including 3% interest, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. The monthly payment in the approximate amount of $17,613.00 will be due and payable on the first day of the first month following 60 days after the effective date of the plan.

**Texas Workforce Commission** – This creditor is owed $17,421.05 and will be paid in full pursuant to the requirements of the United States Bankruptcy Code, including 4.5% interest, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. The monthly payment in the approximate amount of $397.00

will be due and payable on the first day of the first month following 60 days after the effective date of the plan.

**These claims are impaired.**

        5.    *General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. The allowed unsecured claims will be paid 100% of their claims in 60 monthly payments. Their payments will be due and payable beginning on the 15th day of the first month following 60 days after the effective date of the plan. The amount to be paid pro-rata is $7,070.00.

**These claims are impaired.**

        6.    *Insider Claims*

No insider will receive any distributions except their normal monthly salary. Ms. Ruth Briggs, and her husband, Tony Briggs, will continue to receive their $432,000.00 annual salaries, but will lower their salaries if necessary to meet the plan obligations.

        7.    *Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. Ms. Briggs is the only equity interest holder in this case.

## ARTICLE III

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

<u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

<u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

<u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

<u>Claim Objections.</u> The Debtor shall have 60 days from the Effective Date of the Plan to file objections to claims.

<u>Vesting of Property</u>  On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in Reorganized Debtor, free and clear of all claims and interests other than any contractual secured claims granted under any lending agreement, on the condition that Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7, all property vested in Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

<u>Default</u> – Any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law. In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtor to make a payment to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments if the payment is not cured within thirty (30) days after mailing written notice of default from such creditor to the Reorganized Debtor. If a Monthly Payment is not timely received by a creditor after the Debtor has already cured three untimely payments, the creditor may exercise any and all rights and remedies under applicable non-bankruptcy law to collect such claims or seek such relief as may be appropriate in the United States Bankruptcy Court.

## ARTICLE IV

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

<u>Assumed Executory Contracts and Unexpired Leases</u>.

The Debtor assumes the following executory contracts and/or unexpired leases effective upon the "effective date of this Plan:" 2000 S. Dairy Ashford, Suite 450, from DAP Plaza, a California Limited Partnership registered in Texas as DAP Plaza, Ltd, 123 25th St, Suite 4005 from Shearn Moody Plaza, Inc., 1915 N. Frazier, Suite 103, Galveston, Texas, Conroe, Texas from Owen Properties, & 990 IH-10 N. Suite 230 from Theodore L. Hanchev. The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of the order confirming this Plan, upon the "effective date of this Plan." A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

This Plan of Reorganization will be funded by the Reorganized Debtor through future cash receipts and income from the operations of the businesses. The current management, Ms. Briggs, will remain in control.

## ARTICLE VI

## GENERAL PROVISIONS

Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

Effective Date of Plan. The effective date of this Plan is the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

Disputed Claims. All claims that were listed in the schedules as "disputed" required the filing of a proof of claim. If no proof of claim was timely filed, the claimant will not be paid under this Plan of Reorganization.

Late-Filed Claims. Any late-filed claims shall not be allowed claims, and shall not be paid under this Plan of Reorganization.

## ARTICLE VII

## DISCHARGE

On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Dated November 27, 2016.

/s/ Margaret M. McClure

Margaret M. McClure, Attorney for Debtor